UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH LYNN WENGLAND,

    Petitioner,

v.                                                   Case No. 6:23-cv-847-WWB-DCI

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Kenneth Lynn Wengland's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). Petitioner is a pretrial detainee, proceeding *pro se*, and is currently in the custody of the Brevard County Jail.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-cv-7, 2011 WL 672335, *1 n.2 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152, 2010 WL 5476712, at *1 (N.D. Ga. Nov. 29, 2010)).

Here, Petitioner claims that he is being denied his right to a speedy trial in violation of his constitutional rights and the Florida Rules of Criminal Procedure. He seeks dismissal of his criminal case.

First, "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) (quotation omitted). "To do that, a state-court prisoner must present his claim to the state court in a manner that would allow a reasonable reader to understand the legal and factual foundation for each claim." *Id.* at 1096 (quotation omitted). The prisoner "must [also] take his claim to the state's highest court, either on direct appeal or on collateral review." *Id.* (quotation omitted). In the Petition, although he states that his speedy trial motion was denied by the trial court, Petitioner indicates that he did not appeal the decision in any manner. (Doc. 1 at 2–4). Additionally, Petitioner checked the box for "No" in response to the question, "Did you present Ground One in all appeals that were available to you?" (*Id.* at 6). Thus, Petitioner concedes he has not exhausted state remedies.

Second, federal courts are precluded from staying or enjoining pending state court proceedings absent exceptional circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Hughes v. Eleventh Jud. Cir. of Fla.*, 377 F.3d 1258, 1262–63 (11th Cir. 2004) (recognizing federal court should abstain under *Younger* absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). The Petition does not allege facts demonstrating the kind of extraordinary circumstances contemplated by *Younger* that would warrant the Court's intrusion into the pending state court proceedings. Petitioner does not argue bad faith or irreparable injury, and the state courts constitute an adequate forum in which Petitioner may raise his speedy trial claim. *See Johnson*, 32 F.4th at 1099–1102

(requiring the petitioner to pursue his speedy trial claim in the state courts rather than in federal court under § 2241).

Consequently, it plainly appears that Petitioner is not entitled to relief in this Court because he has not exhausted available state remedies and abstention under *Younger* is appropriate. The Petition will be dismissed.

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *Lamarca*, 568 F.3d at 934. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, he will not be granted a certificate of appealability.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.
2. Petitioner is **DENIED** a certificate of appealability.
3. The Clerk of Court is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies to:
Unrepresented Party